UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON VAQUERO,

Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK,

Defendant.

25-CV-8713 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se* and currently incarcerated in the Eastern Correctional Facility, brings this action under 42 U.S.C. § 1983. He alleges that his state-court sentencing judge, who presided over Plaintiff's September 3, 1985 sentencing, "never announced sentence for Ramon Vaquero, but that of [his co-defendant] Ramos R. Jose." (ECF No. 1 at 4.) Plaintiff sues the State of New York "because there was never transcripts ordered for the sentencing minutes." (*Id.*) Plaintiff indicates that the State of New York must provide these minutes "to permit adequate review." (*Id.*)

By Order dated September 1, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] (ECF No. 6.) For the following reasons, the Court dismisses this action.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). The Court is obligated, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. New York State Cannot Be Sued

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York because these claims are barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *see generally Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006) (noting that "lower courts may raise the issue of Eleventh Amendment immunity *sua sponte*").

**B. No Federal Constitutional Right To Sentencing Minutes**

Even if Plaintiff had named a defendant who was not immune from liability, the Court would dismiss the complaint because Plaintiff does not possess an independent federal constitutional right to his state court sentencing minutes. *Cf. Villalobos v. New York Div. of Parole*, No. 09-CV-8431 (WHP), 2010 WL 3528926, at *3 (S.D.N.Y. Aug. 23, 2010) ("The omission of any consideration of sentencing minutes is the type of 'state law procedural failure . . . courts have found to present no cognizable constitutional claim.'" (quoting *Germenis v. N.Y.S. Dep't of Corr. Servs.*, No. 08-CV-8968 (GEL), 2009 WL 2877646, at *4 (S.D.N.Y. Sept. 9, 2009)), *appeal dismissed and remanded sub nom. Villalobos v. New York State Div. of Parole*, 475 F. App'x 400 (2d Cir. 2012). Plaintiff, who was sentenced in Westchester County on September 3, 1985, for second-degree murder, and perfected his appeal represented by counsel, *see People v. Vasquez*, 560 N.Y.S.2d 687 (2d Dep't Oct. 1, 1990), was entitled to his sentencing minutes under New York law. *See* N.Y. Crim. Proc. L. § 380.70 ("In any case where a person receives an indeterminate or determinate sentence of imprisonment, a certified copy of the stenographic minutes of the sentencing proceeding must be delivered by the court to the person in charge of the institution to which the defendant has been delivered within thirty days from the date such sentence was imposed."); *Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH) (PJE), 2025 WL 1614337, at *13 (N.D.N.Y. Feb. 26, 2025) (explaining that "N.Y. CPL § 380.70 requires the *court* to deliver the minutes of a sentence to the correctional institution"), *report and recommendation adopted*, 2025 WL 1452883 (N.D.N.Y. May 21, 2025); *see also* N.Y. Crim. Proc. Law § 460.70 ("When an appeal is taken by a defendant pursuant to section 450.10, a transcript shall be prepared and settled and shall be filed with the criminal court by the court reporter. . . . Where the defendant is granted permission to proceed as a poor person by the

appellate court, the court reporter shall promptly make and file with the criminal court a transcript of the stenographic minutes of such proceedings as the appellate court shall direct.”). Assuming Plaintiff did not have access to his sentencing minutes, a request for those minutes must be sought in state court, not federal court. Accordingly, the Court dismisses Plaintiff’s claim seeking his sentencing minutes for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Plaintiff’s Allegations Cannot Be Asserted In A Section 1983 Action**

Finally, the action must be dismissed because Plaintiff’s allegations concern a challenge to his 1985 criminal proceedings, a challenge that must be raised in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that a petition for a writ of *habeas corpus* is the sole remedy for an individual seeking to challenge the fact or duration of his confinement)). Indeed, Plaintiff previously filed in this court a Section 2254 petition, challenging his 1985 conviction, which the Hon. Colleen McMahon of this court denied on the merits. *See Vaquero v. Kuhlmann*, No. 98-CV-8583 (CM) (S.D.N.Y. Apr. 28, 2001). Plaintiff also filed a second Section 2254 petition, which Judge McMahon transferred to the United States Court of Appeals for the purpose of permitting Plaintiff to seek permission to pursue his successive petition under 28 U.S.C. § 2244(b)(3)(A), although Plaintiff never requested authorization. *See Vaquero v. Warden*, No. 19-CV-1252 (CM) (S.D.N.Y. May 1, 2019). Plaintiff’s lack of success in these prior challenges to his conviction does not give rise to a right to challenge his conviction under Section 1983. *See Preiser*, 411 U.S. at 489 (noting that “a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus”).

Ordinarily, the Court would consider recharacterizing this complaint as a petition brought under Section 2254. Because of the above-mentioned procedural history, however, the Court declines to do so.

**D. Leave To Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**E. Decline To Exercise Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *Royal Canin U.S. A., Inc. v. Wullschleger,* 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court declines to exercise supplemental jurisdiction over any claim Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: September 11, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge